FILED

2014 Nov-06  PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **HOLLIE BROOKS BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:13 -CV-8052-VEH** |
| | ) | |
| **UNITED STATES OF** | ) | |
| **AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

## <u>MEMORANDUM OF OPINION</u>

Defendant Hollie Brooks Brown ("Defendant") has filed a *pro se* Motion

for Leave of Court To File 18 U.S.C. § 2255 (f)(3) or (4) Due to New Supreme

Court Ruling (the "Motion"). Cv. Doc. 1.[1] The court entered an order requiring the

Government to show cause why the Motion should not be granted. Cv. Doc. 2.

After a court-granted extension of time, the Government filed its Response. Cv.

Doc. 4. In its Response, because "the body of the [Motion] sets forth claims of

---

[1]References herein to "Cv. Doc(s). __" are to the document numbers assigned by the
Clerk of the Court to the pleadings, motions, and other materials in the court file in this § 2255
"civil" case, 2:13-cv-8052-VEH , as reflected on the docket sheet in the court's Case
Management/Electronic Case Files system ("CM/ECF"). References herein to "Cr. Doc(s) __"
are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and
other materials in the court file in the related criminal case, 2:08-cr-00086-VEH-JHE, also as
reflected on the docket sheet in the court's Case Management/Electronic Case Files system
("CM/ECF").

error and requests for relief ...[,] the [G]overnment presume[d] that [Defendant] intended the [Motion] itself to be a motion for relief filed under § 2255 and answer[ed] it accordingly." Cv. Doc. 4, fn. 1. The court then entered an Order Regarding Summary Disposition, giving the Defendant 20 days to support his Motion before the court took it under advisement. Cv. Doc. 5. Defendant filed a Reply to the Government's Response and a Response to the court's Order. Cv. Docs. 6, 7. Accordingly, the matter has been fully briefed. and is under submission.

Having considered the pleadings and relevant law, the court concludes that the Motion is due to be denied as time-barred.

## I.    BACKGROUND

On April 20, 2009, pursuant to a written plea agreement, Defendant entered a counseled plea of guilty to one count of being a felon in knowing possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute five grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At the sentencing hearing, the court specifically found Defendant's sentence as to the

922(g)(1) count to be subject to the ACCA enhancement based on his having three prior convictions for serious drug offenses (*see* 18 U.S.C. § 924(e)), and sentenced Defendant to a term of 180 months as to each count separately, with each count to be served concurrently with the other.[2] On September 21, 2009, the court entered a final judgment to that effect. Cr. Doc. 69. Defendant did not appeal his conviction or judgment.

The pending *pro se* Motion was filed on November 14, 2013. It is signed and dated November 12, 2013. Cv. Doc. 1 at 12, 13.

## II.    SECTION 2255 TIME LIMITATIONS

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of ---

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2]The court granted the Government's bargained-for motion to dismiss two other counts.

Once a § 2255 motion is filed, it is subject to preliminary review, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing § 2255 Proceedings. Further, while district courts are not obligated to do so, they are permitted to consider, *sua sponte*, the timeliness of a § 2255 motion, even after the pre-answer, initial screening stage of the proceeding, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal on such ground. *See Edwards v. United States*, 295 Fed. App'x 320, 321 (11th Cir.2008); *Turner v. United States*, 2012 WL 3848653, at *18 n. 15 (N.D.Ala. Aug. 30, 2012) (Hopkins, J.) (reconsideration denied, 2012 WL 6186067 (N.D.Ala. Dec 07, 2012)); *Kizziah v. United States*, 2014 WL 51282, (N.D.Ala.,2014) (Hopkins, J.); *see also Day v. McDonough*, 547 U.S. 198, 207–10 (2006) (holding likewise with respect to a 28 U.S.C. § 2254 habeas petition brought by a person in custody pursuant to a state-court judgment).

To the extent that Defendant's claims are subject to the limitations period trigger of § 2255(f)(1) based upon when his conviction became final, those claims are time-barred on their face. Where, as here, a defendant is convicted in federal court and he fails to pursue any direct appeal, his conviction is considered "final"

for purposes of § 2255(f)(1) when the 10-day period to file a timely notice of appeal lapses.[3] *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir.2000); *see also* Rule 4(b)(1), FED. R. APP. P. (2009). This court entered its judgment against Defendant on September 21, 2009, so his conviction became final on October 1, 2009. The limitations period of § 2255(f) then expired one year later, on October 1, 2010. Giving Defendant the benefit of the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988), his *pro se* § 2255 motion is deemed filed the date that it was signed, November 12, 2013. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir.2001). As such, Defendant's § 2255 motion comes over three years too late for purposes of the § 2255(f)(1) limitations period. Defendant has not disputed any of this in his filings.

However, Defendant contends that his claims are subject not to subsection (f)(1) of § 2255 but are instead subject to subsections (f)(3) and/or (4). He claims this is so on the theory that his claims are revived by *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), which the Supreme Court handed down on June 17, 2013, and *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438,

---

[3] Effective December 1, 2009, the time period was changed to 14 days. However, even applying the 14 day appeal period to Defendant, the Motion is untimely on its face. Moreover, the 14 day period does not apply, as Defendant's case was neither commenced after December 1, 2009, nor then pending. *See United States v. Blaine*, 409 F. App'x 253, 256 n.4 (11th Cir. 2010) (applying the 14-day deadline to a defendant whose appeal was pending on December 1, 2009).

*reh'g denied*, 134 S. Ct. 41, 186 L. Ed. 2d 955 (2013), which the Supreme Court handed down on June 20, 2013. Defendant contends that, because his § 2255 motion was filed within a year of the date these cases were decided, his claims are timely under § 2255(f)(3).[4] *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

## III.   ANALYSIS

In effect, Defendant asks this Court to decide that *Alleyne* and/or *Descamps* are retroactive to cases on collateral review, *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir.2004) ("As a panel of this Court noted, every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3)."), *aff'd*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).

In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2000) "and held that any fact that increases a defendant's mandatory minimum sentence is an element of the offense that must

---

[4]Defendant has pointed to no "facts" which he discovered. Thus, his argument that his Motion is made timely by § 2255(f)(4) has been waived. An issue must be "fairly presented" in order to trigger consideration, and a glancing reference without discussion or legal authority does not meet that standard. *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009). Further, a new *legal* rule is not a *factual* basis to support a § 2255 claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010)("Since Section 2255(f)(4) is predicated on the date that "facts supporting the claim could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not [restart] the limitations period.")

be submitted to the jury and proved beyond a reasonable doubt." *United States v. McKinley*, 732 F.3d 1291, 1295 (11th Cir.2013), citing *Alleyne*, 133 S.Ct. at 2155. In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach [to determining whether a prior offense was a violent felony under the Armed Career Criminal Act] when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id*. at ___, 133 S.Ct. at 2282.

Defendant's attempt to fall within the safe confines of § 2255(f)(3) fail. Both *Alleyne* and *Descamps* were direct review cases. The Supreme Court gave no indication in *Alleyne* that its decision applies retroactively on collateral review, compare *Alleyne*, 133 S.Ct. at 2155–2164 *with Scott v. United States*, 2013 WL 4077546, *1 (S . D.Ga. Aug. 12, 2013) ("Resolving *Alleyne* on direct, rather than collateral, review, [the Supreme Court] never said that its new rule applies retroactively on collateral attack."), report and recommendation adopted, 2013 WL 5347352 (S.D.Ga. Sept. 23, 2013), and *Alleyne* is a mere extension of *Apprendi*, *compare Alleyne*, 133 S.Ct. at 2155 ("Harris drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We conclude that this distinction is inconsistent with our decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),

7

and with the original meaning of the Sixth Amendment. Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.... Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury. Accordingly, Harris is overruled.") *with, e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("*Alleyne* is an extension of *Apprendi* [.]") and *Houston v. United States*, 2014 WL 585025, *10 (M.D.Fla. Feb. 12, 2014) ("*Alleyne* did not address prior-conviction sentencing enhancements. Instead, *Alleyne* merely extended the rationale of *Apprendi*, which itself noted that the Sixth Amendment did not require 'the fact of a prior conviction' to be submitted to a jury and proved beyond a reasonable doubt."), a case which the Eleventh Circuit has consistently determined is not retroactively applicable to cases on collateral review, *Suarez v. United States*, 325 Fed.Appx. 887, 888 n. 2 (11th Cir. May 12, 2009) ("Suarez's claim would fail under § 2255 because *Booker* and *Apprendi* are not retroactively applicable in that context."); *see Bennett v. Warden, FCI Jessup*, 508 Fed.Appx. 929, 930 (11th Cir. Feb. 13, 2013) ("The district court denied [Bennett's § 2255] motion because *Apprendi* was not retroactively applicable to cases on collateral review. We denied Bennett a certificate of appealability, and the Supreme Court denied Bennett's

petition for a writ of certiorari."). Inasmuch as it is clear to the undersigned that the Eleventh Circuit would not find *Alleyne* retroactively applicable to cases on collateral review, consistent with the observations and holdings of other courts that have considered this issue to date, *see, e.g., United States v. Redd*, 2013 WL 5911428, *3 (2nd Cir. Nov. 5, 2013) ("*Alleyne* did not announce a new rule of law made retroactive on collateral review."); *United States v. Stewart*, 2013 WL 5397401, 1 n. 1 (4th Cir. Sept. 27, 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *Rhodes v. United States*, 2013 WL 5797641, *2 (S.D.Ga. Oct. 28, 2013) ("*Alleyne* is not retroactively applicable to cases on collateral review."), Defendant's invitation to this Court to decide to the contrary is due to be rejected.

Similarly, the Supreme Court gave no indication in *Descamps* that its decision applies retroactively on collateral review, *compare Descamps, supra*, *with Mays v. United States*, 2014 WL 2214336, *6 n.4 (N.D.Ala. May 28, 2014) ("[T]he Supreme Court has not made *Descamps* retroactively applicable to cases on collateral review[.]"); *Reed v. United States*, 2013 WL 5567703, *3 (M.D.Fla. Oct. 9, 2013) ("The Supreme has not declared that its decision in *Alleyne* or *Descamps* is to be given retroactive effect."), and since *Descamps* merely clarifies "the proper analytical approach for determining whether a defendant's sentence

9

should be enhanced [,]" *United States v. Ramirez–Flores*, 743 F.3d 816, 820 (11th Cir.2014); *see also United States v. Contreras*, 739 F.3d 592, 594 n.2 (11th Cir.2014) (finding that *Descamps* "primarily addresses when it is proper to use the modified categorical approach" to sentencing under the ACCA), it did not announce a new rule of substantive law; *Harr v. United States*, 2014 WL 1674085, * 3 (C.D.Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule of law."); *cf. Graham v. United States*, 2013 WL 6490458, *6 n.2 (N.D.Ala. Dec. 10, 2013) ("There is reason to doubt that *Descamps* recognizes any new rule or right."). Inasmuch as it is clear to the undersigned that the Eleventh Circuit would not find *Descamps* retroactively applicable to cases on collateral review, consistent with the observations and holdings of the majority of courts that have considered this issue to date, *see, e.g., Williams v. Ziegler*, 2014 WL 201713, *2 n.3 (S.D.W.Va. Jan. 17, 2014) ("Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review."); *Baldwin v. United States*, 2013 WL 6183020, *2 (D.Md. Nov. 25, 2013) ("*Descamps*—and by extension, *Royal*—are not retroactive, and do nothing to salvage Baldwin's untimely motion to vacate pursuant to 28 U.S.C. § 2255(f)(3)."); *Roscoe v. United States*, 2013 WL 5636686, *11 (N.D.Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court

10

found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here."). Accordingly, Defendant's untimely Motion is not revived by *Descamps*.

Based upon the foregoing, and because Defendant's motion contains no argument that he is entitled to equitable tolling of the limitations period and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D.Miss. Jul. 9, 2013) — or that he is factually innocent of the crime for which he was convicted — the undersigned determines that the pending § 2255 motion is due to be dismissed.

Further, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned finds that a certificate of appealability is due to be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of

an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this court is in error for dismissing Defendant's Motion, nor could a reasonable jurist conclude that Defendant should be allowed to proceed further with respect to his claims. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Defendant is not entitled to a certificate of appealability.

## IV.    CONCLUSION

The undersigned hereby finds that the pending motion to vacate is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*. A separate order consistent with the opinion will be entered.

**DONE** this 6th day of November, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge